**UNITED STATES of America, Plaintiff-Appellee,**

v.

**29.24 ACRES OF LAND, MORE OR LESS, Situate IN DALLAS COUNTY, STATE OF TEXAS, and Olive Cobley, et al., Defendants-Appellants.**

**No. 71-2497.**

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1972.

Rehearing Denied March 21, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

We affirm the judgment of the district court entered upon the report of commissioners, appointed pursuant to Fed.R.Civ.P. 71A, which fixed the amount of compensation due landowners on account of the condemnation of two strips of land for canal purposes.

Figuratively, the land involved was situated inside a U-shaped bend of the Trinity River in Dallas County, Texas which had its curved side to the west. The proposed canal would cut a north-south line across the U at about its middle. The State of Texas proposed to condemn a right-of-way for highway purposes through the same tract of lands almost perpendicular to the canal and about on the center line of the U in an east-west direction. Under an agreement reached with the State of Texas the United States determined not to condemn the entire length of the canal right of way. Rather, the canal right of way was divided into one strip entering from the north and extending across the tract involved to a point on the north edge of the proposed highway right-of-way and another strip extending from the south tract edge to the south edge of the highway right-of-way.

The commissioners were fully aware of the impending highway development. In the course of their reasoning they stated:

"It is undisputed in the evidence that this strip [or more aptly, the 500 foot separation between the condemned strip ends] was taken at a later date by the State of Texas in connection with the condemnation of a highway right-of-way across the Cobley property, at which time the Cobley property, as a result of the successive takings by the federal and state governments, was severed into two separate tracts, without any means of internal access from the one to the other. It also is undisputed that it was at all times contemplated by the plans of the federal government that Tracts 105E–1 and 105E–2 would be thus joined so that the proposed Trinity River Canal would completely traverse the Cobley property. However, as of the date of taking of Tracts 105E–1 and 105E–2, they were not in fact joined, and access from one portion of the Cobley property to the other existed until the subsequent taking by the State of Texas."

Nevertheless they limited their award damage to only the value of the lands actually occupied by the two strip extensions. This was done on the theory that the 500 foot separation between the strip ends kept the federal canal taking from severing the tract remaining west of the canal from the tract lands remaining east of the canal. They further reasoned that until the state highway project was taken there would be no severance, wherefore they were foreclosed from considering severance damages.

The landowners claim this action was error since everyone knew that the canal and the highway projects together would land-lock, or more aptly, water-lock, all lands remaining west of the canal segments. Under different circumstances we might find the actions of the United States amounted to a constructive condemnation of the entire length of the canal. Certainly no public purpose can be seen for dredging two slots four hundred feet wide from the north and south reaches of the river into the appellants lands only to end them five hundred feet apart.

The development which makes it unnecessary to reach this contention in the case at bar is that the landowners negotiated a settlement with the State of Texas which became embodied in a judgment. That judgment was entered with the full knowledge of the parties that the canal segments had been previously condemned and that the taking of fee simple title to the highway right of way would effectively sever the lands west of the canal segments from the lands to the east thereof. The agreed judgment recites that the sum paid had been agreed upon between the parties as the reasonable market value of the fee simple title to the property within the right of way limits "and the damages to Defendants' remaining lands;" and released and discharged the State of Texas from its constitutional obligation to pay just compensation for the taking.

That judgment is final and not subject to review in this appeal. It concludes the claim advanced here.

Affirmed.